IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN YANOVER, § | | |
|     Plaintiff § | | |
| § | | |
| v. § | Civil Action No. | 5:17-cv-541 |
| § | | |
| LIBERTY MUTUAL INSURANCE § | | |
| COMPANY § | | |
|     Defendant § | | |

### LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Mutual Insurance Company[1] ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On May 8, 2017, Plaintiff Stephen Yanover filed his Original Petition ("Original Petition") styled Cause No. 2017CI08384; *Stephen Yanover v. Liberty Mutual Insurance Company*[2], In the 57th District Court, Bexar County, Texas. Liberty was served with citation on May 18, 2017.

*Nature of the Suit*

2. This lawsuit involves a dispute over Liberty's handling of Plaintiff's insurance claim for damages from a wind/hail storm allegedly sustained by his residential property: 13234 Hunters Leak Street, San Antonio, Texas 78230. Plaintiff asserts causes of action against

---

[1] Liberty Mutual Insurance Company was incorrectly named in this suit. Liberty Insurance Corporation, and not Liberty Mutual Insurance Company, issued the subject policy in this case.
[2] Cause No. 2017CI08384; *Stephen Yanover v. Liberty Mutual Insurance Company*. Notwithstanding, and as discussed above, the correct insuring entity is Liberty Insurance Corporation.

Liberty for negligence, breach the insurance contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, breach of fiduciary duty, and fraud.

*Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties. At the time Plaintiffs filed their Original Petition in District Court on May 8, 2017 and as of the date of filing this Notice, Liberty was and is a company organized under the laws of the State of Illinois whose principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant Liberty is not a citizen of the State of Texas for diversity jurisdiction purposes.[3]

5.      Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[4] Here, Plaintiff claims that a wind/hail storm caused

---

[3] As discussed above, Liberty Insurance Corporation, the proper defendant in this case, was, at the time Plaintiff filed his Original Petition, and is a company organized under the laws of the State of Illinois. Its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Therefore, LIC is considered an out-of-state citizen for diversity jurisdiction purposes.

[4] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

damages to his property that Plaintiff insured through Liberty.[5] Plaintiff seeks damages in excess of $100,000 for Liberty's refusal to fully compensate Plaintiff under the terms of his insurance contract.[6] The Policy at issue is a Texas Homeowner's Policy with coverage limits of $399,000.00 for the dwelling, and $299,250.00 for the contents. Plaintiff demanded $420,020.80 to settle this matter through an April 28, 2017 letter.[7]

7. In addition, Plaintiff seeks statutory penalties and treble damages under the Texas Insurance Code.[8] Plaintiff also seeks attorney fees for bringing this suit.[9] Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

8. Based on the Policy's coverage limits, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.

### *The Removal is Procedurally Correct*

9. Liberty was first served with the Original Petition in District Court on May 18, 2017. Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

---

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[5] *See* Exhibit A, Original Petition at page 3.
[6] *See Id.* at page 1.
[7] *See* Exhibit B, Plaintiff's April 28, 2017 settlement offer.
[8] *See* Exhibit A, Original Petition, page 11.
[9] *Id.*

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

14. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 57th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Mutual Insurance Company requests that this action be removed from the 57th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

_____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

>Carrie D. Holloway
>State Bar No. 24028270
>Lindow Stephens Treat LLP
>One Riverwalk Place
>700 N. St. Mary's St., Suite 1700
>San Antonio, Texas 78205
>Telephone: (210) 227-2200
>Facsimile: (210) 227-4602
>cholloway@lstlaw.com
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **19th** day of **June 2017**, addressed to those who do not receive notice from the Clerk of the Court.

>James M. McClenny
>J. Zachary Moseley
>Sean Patterson
>McCLENNY MOSELEY & ASSOCIATES, PLLC
>411 N. Sam Houston Parkway E., Suite 200
>Houston, Texas 77060

>_____
>David R. Stephens
>Carrie D. Holloway